## ROBERT F. BARNARD *versus* WYLLIS.
### BARTHOLOMEW.

It is not necessary, in order to revive a debt barred by the statute of limitations, that
    any specific sum should be acknowledged to be due, as the amount actually due may
    be proved by extrinsic evidence, provided the acknowledgment is broad enough in
    its terms to include such debt, and sufficiently particular to show that it was the
    subject matter of the acknowledgment.
Thus, the defendant wrote to the plaintiff in 1833, as follows.  " I will thank you to
    let me have your account that you hold against me.  Also, I will thank you to
    state to me the credit that you have given me.  You may depend on seeing me at
    your office on Monday next   I will endeavour to settle all my accounts with you;
    perhaps I shall not be able to pay the money; if not, we can find some way to set-
    tle."  It was *held*, that this was sufficient to take the claim out of the statute, the
    amount actually due being proved by other evidence
In the same case, it appeared, that the claim of the plaintiff was founded on a mutu-
    al account between the parties, which consisted of numerous charges and credits
    extending through a series of years, and that no rests had been made nor any bal-
    ances struck between them during that period.  It was held that the acknowledg-
    ment contained in such letter might be properly applied to the entire account, as
    well to that portion of it which accrued more than six years before the letter was
    written, as to that which accrued within that time.
In an action upon an account for money paid and for professional services, it appear
    ed, that the defendant wrote to the plaintiff, that he would call according to his re-
    quest and settle with him.  It was *held*, that interest should be allowed on the ac-
    count from the date of such letter, it being sufficient evidence of a demand.

THIS was assumpsit to recover the balance of an account
chiefly for money paid and for professional services.  The writ
was dated the 9th of February, 1836.

The case was referred to an auditor, by whose report the
following facts appeared.

The plaintiff's account consisted of numerous charges and
credits extending from September, 1815, to October, 1830.
No rests had been made, nor had any balances been struck

Barnard
*v.*
Bartholo-
mew.

between the parties during this period. The plaintiff also claimed interest from the date of the last charge in his account. The defendant relied on the statute of limitations, and objected to all the plaintiff's charges which were not within six years from the date of the writ, and to the allowance of interest previous to that date.

The only evidence of any demand of payment made on the defendant, or of any acknowledgment of indebtedness on his part, or of any promise to pay the account, resulted from three letters addressed to the plaintiff by the defendant. In the first letter, dated the 5th of February, 1827, the defendant wrote to the plaintiff as follows. "Please to hold back from making any cost for me until Thursday night. I will call and see you on Thursday. I shall be there myself and settle my debt."

In the second letter, dated the 9th of February, 1833, the defendant says, "I will thank you to let me have your account that you hold against me. Also I will thank you to state to me the credit that you have given me. You may depend on seeing me at your office on Monday next. I will endeavour to settle all my accounts with you; perhaps I shall not be able to pay the money; if not, we can find some way to settle."

In the third letter, dated April 3, 1835, the defendant writes, "I shall call according to your request, and settle with you."

*Sept. 16th.* *Byington,* for the plaintiff. The letter of 1833 is sufficient to take the plaintiff's claim out of the statute of limitations, as well that portion of it which accrued more than six years before the letter was written, as that which accrued within that period. *Allen* v. *Webster,* 15 Wendell, 284; *Adams* v *Orange County Bank,* 17 Wendell, 514; *Bird* v. *Gammon,* 3 Bingh. New R. 883; *Catling* v. *Skoulding,* 6 T. R. 189; *Cogswell* v. *Dolliver,* 2 Mass. R. 217. The burden of proof is on the defendant, to show, that the letters referred to a different claim from that which is the subject of this action. *Whitney* v. *Bigelow,* 4 Pick. 110. A demand of payment will be presumed to have been made, from the letter of 1833, or, at any rate, from that of 1835; and interest began to accrue from the time of such demand. *Brewer* v. *Tyringham,* 12 Pick. 549;

*Walker* v. *Bradley*, 3 Pick. 261 ; *Gaylord* v. *Van Loan*, 15 Wendell, 308 ; *Dodge* v. *Perkins*, 9 Pick. 388.

*Bishop* and *Kellogg*, for the defendant, to the point, that the letters were not sufficient to take the plaintiff's claim out of the statute, cited *Wetzell* v. *Bussard*, 11 Wheaton, 309 ; *Bradley* v. *Field*, 3 Wendell, 272 ; *Clarke* v. *Dutcher*, 9 Cowen, 678 ; *Sands* v. *Gelston*, 15 Johns. R. 511 ; *Union Bank* v. *Knapp*, 3 Pick. 96 ; *Bell* v. *Morrison*, 1 Peters's Sup. Court R. 362 ; *Hancock* v. *Bliss*, 7 Wendell, 267 ; *Purdy* v. *Austin*, 3 Wendell, 187 ; and as to the question of interest, *Reid* v. *Rensselaer Glass Factory*, 3 Cowen, 393.

DEWEY J. delivered the opinion of the Court. We do not perceive any sufficient reason why the letters of the defendant are not to be considered competent evidence to take this case out of the operation of the statute of limitations. Applying the familiar rule, now well settled in this Commonwealth, that in such cases there must be either an express promise to pay, or an unqualified acknowledgment of present indebtedness, and this unaccompanied by any evidence showing a determination not to pay, we think that the case of the plaintiff may be well sustained upon the facts reported by the auditor.

It is urged on the part of the defendant, that the written acknowledgment is wholly defective, as evidence, for the purpose for which it is offered, because it does not state any specific sum to be due to the plaintiff ; and also for the further reason, as to that part of the claim which accrued more than six years before the making of the new promise, that this evidence can only be properly applied to that portion of the account which was not at that time barred by the statute of limitations.

As to the first of these objections, it is, in the opinion of the Court, unavailing, because the plaintiff has, by other evidence, made that certain and definite, which was general and indefinite by the letter itself ; and this it was competent for him to do, if the acknowledgment or new promise in the letter was broad enough in its terms to include the specific demands now shown by other evidence to have existed, and yet sufficiently particular clearly to have included them as the subjects of the new promise or acknowledgment.

As to the second objection, however correct the position

*Barnard*
*v.*
*Bartholo-*
*mew.*

*Sept. 21st.*

Barnard
*v.*
Bartholo-
mew.

may be, that where there are various demands subsisting be-
tween the parties, it is incumbent on the plaintiff to show clear-
ly to which of them the acknowledgment refers, and in case of
the existence of two distinct claims, one of which was collect-
able by law and the other barred by the statute of limitations,
it might well be presumed, in the absence of all evidence ap-
plying it to either specifically, that the acknowledgment ap-
plied to the one legally collectable, rather than to that which
was barred by the statute of limitations, yet in the present case
this objection does not seem properly to arise, because the ac-
count of the plaintiff to which the new promise is to be applied
is one continuous demand, being the book account of the plain
tiff extending through a series of years, with credits to the de
fendant, and as to which there are no rests, nor have there
been any balances struck between the parties during the period
of the charges.   The new promise may, under the circum·
stances of this case, be properly applied to the entire account
on the books of the plaintiff.

Another question arises, as to the right of the plaintiff to
recover interest, and as to the time from which it is to be com·
puted.   Interest is to be allowed where there is an express
promise to pay it, or where there is a usage proved from which
the jury may infer a promise to pay ; and also it may be given
as damages for the detention of a debt after the time when due
by the terms of the agreement, or for neglect to pay a debt
after a special demand.

The right to recover interest in the present case prior to the
institution of the suit, results wholly from the neglect of the
defendant to pay the debt when demanded.   The only evidence
of such demand is found in the letter of the 3d of April, 1835 ;
which authorizes the allowance of interest from that date.

*Judgment for the plaintiff.*